United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GISELE NORRIS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AON PLC, et al.,<br><br>    Defendants. | Case No. 21-cv-00932-CRB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Plaintiffs Gisele Norris and Henry Yuan sued Defendants Aon PLC, Aon Group, Inc., and Aon Risk Services Companies, Inc. (collectively, Aon) for declaratory and injunctive relief relating to agreements they signed while employed by Aon. Norris and Yuan allege that the Restricted Stock Unit Agreements (RSU Agreements) that they both signed, and the Confidentiality and Non-Solicitation Agreement that Yuan signed, "contain a number of void, illegal, and unenforceable provisions, including restrictive covenants that violate well-established law." See Compl. (dkt. 1) at ¶¶ 15, 19. The Court denied Norris and Yuan's motion for a preliminary injunction and granted Aon's motion to compel arbitration. See Order Granting Mot. to Compel (dkt. 29) at 12.[1] Norris and Yuan moved for leave to file a motion for reconsideration of that order, see Mot. for Leave (dkt. 30), which the Court granted, see Order Granting Leave to File (dkt. 31). The Court now denies Norris and Yuan's motion for reconsideration.

**I.    CALIFORNIA LABOR CODE SECTION 925**

Norris and Yuan's motion for reconsideration first argues that the agreement

---

[1] For more detailed underlying facts and for the Court's reasoning, see the Court's order granting the motion to compel arbitration.

delegating arbitrability questions to an arbitrator violates California Labor Code section 925 because it would require—as a condition of employment—Norris and Yuan to adjudicate their claims outside of California and deprive Norris and Yuan of the substantive protection of California law. See Mot. for Reconsideration (dkt. 32) at 2–5.

Section 925 applies only to agreements that constitute "condition[s] of employment." Cal. Lab. Code § 925(a). As the Court explained in its order granting Aon's motion to compel arbitration:

> Although Norris and Yuan initially alleged that they entered into the RSU Agreements as conditions of their continued employment at Aon, see Compl. ¶¶ 13–14, they do not dispute Aon's assertion that Aon "employees are free to accept or reject such . . . RSU Agreements," such that these agreements "are not conditions of employment," see Mot. to Compel at 3; see generally Opp. to Mot. to Compel (dkt. 26).

Order Granting Mot. to Compel at 2–3. The Court further explained:

> Norris and Yuan do not argue that the arbitration agreements in the RSU Agreements were invalid because the RSU Agreements or any portion thereof were conditions of employment. Instead, they argue only that the agreements were presented on a "take-it-or-leave-it" basis. See Part I.B.

Order Granting Mot. to Compel at 3 n.1. In sum, the Court concluded that Norris and Yuan had forfeited any argument that the delegation agreements were invalid because they constituted conditions of employment.

Norris and Yuan did not challenge or address that ruling in their motion for reconsideration. They raised the issue only in their reply in support of their motion for reconsideration, which points to Norris and Yuan's reply in support of their separate motion for a preliminary injunction. See Reply re Mot. for Reconsideration (dkt. 34) (citing Reply re Mot. for PI (dkt. 25) at 5–6). That reply in support of their motion for a preliminary injunction cited a California lower court case and a Delaware Court of Chancery case to argue that "any requirement to receive employment compensation" constitutes a condition of employment. Reply re Mot. for PI at 5–6 (citing Focus Fin. Partners, LLC v. Holsopple, 241 A.3d 784, 816-17 (Del. Ch. 2020); Rockefeller Capital

Mgmt. v. Focus Fin., 2018 Cal. Super. LEXIS 7316 (Cal. Super. Ct. 2018)).

Here, the Court declines to consider an argument that Norris and Yuan failed to raise in their opposition to the motion to compel arbitration and again failed to raise in their motion for reconsideration.

## II. CALIFORNIA PUBLIC POLICY

Next, Norris and Yuan's motion for reconsideration argues that the Illinois choice of forum provision in the delegation agreements is unenforceable under California public policy. See Mot. for Reconsideration at 6–8. Once again, Norris and Yuan did not raise this argument in opposition to the motion to compel arbitration. They argued only that the choice of forum made the broader arbitration agreements (but not the more specific delegation agreements) invalid. See Opp. to Mot. to Compel at 8–9. Therefore, they failed to timely raise this argument. Norris and Yuan may raise arguments about the broader arbitration agreements to the arbitrator, consistent with the delegation agreements.

## III. SAVINGS CLAUSE

Finally, Norris and Yuan's motion for reconsideration argues that the arbitration agreement's savings clause does not make the delegation agreements enforceable. See Mot. for Reconsideration at 9–10 (citing Davis v. O'Melveny & Myers, 485 F.3d 1066, 1078–79 (9th Cir. 2007)). The Court declines to reconsider its prior order on this basis. First, the Court's order granting the motion to compel arbitration was based on several independent grounds, such that the savings clause issue was not dispositive. See Order Granting Mot. to Compel at 11–12. Second, the savings clause at issue here merely reinforces that the validity of the Illinois choice-of-law provision is a gateway question that the arbitrator must decide under the more basic delegation agreement reserving such questions for the arbitrator. See Rent-A-Center West, Inc. v. Jackson, 561 U.S. 63, 70 (2010).

## IV. CONCLUSION

Nothing in Norris and Yuan's motion for reconsideration persuades the Court that the delegation agreements at issue here were substantively unconscionable or more than

3

minimally procedurally unconscionable. For the foregoing reasons, the Court denies Norris and Yuan's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: May 10, 2021



CHARLES R. BREYER
United States District Judge